Amy P. Lally (SBN 198555)
alally@sidley.com
Alexis Buese (SBN 259812)
alexis.buese@sidley.com
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, California 90067
Telephone: (310) 595-9662
Facsimile: (310) 595-9501

David R. Carpenter (SBN 230299)
drcarpenter@sidley.com
Genevieve G. Weiner (SBN 254272)
gweiner@sidley.com
Stacy R. Horth-Neubert (SBN 214565)
shorthneubert@sidley.com
Rachel R. Goldberg (SBN 308852)
rachel.goldberg@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: 213.896.6000
Facsimile: 213.896.6600

Attorneys for Defendants
DBD Credit Funding LLC,
Fortress Investment Group LLC,
and Henry Winterstern

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-23823-BB |
| TBH19, LLC, a Delaware limited liability company, | Adv. No. 2:20-ap-01041-VZ |
| Debtor. | Chapter 11 |
| | Assigned to:  The Hon. Vincent P. Zurzolo |
| TBH19, LLC, a Delaware limited liability company; LEONARD M. ROSS, individually and as Trustee of the Leonard M. Ross Revocable Trust (u/d/t 12-20-85); LMR-TBH LLC, a Delaware limited liability company; and ROSSCO HOLDINGS INC., a California corporation, | **DEFENDANTS DBD CREDIT FUNDING LLC AND FORTRESS INVESTMENT GROUP LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| Plaintiffs, | Date:     March 26, 2020<br>Time:     11:00 am |

|  | | |
|---|---|---|
| 1 | v. ) | Place: Courtroom 1368 |
| 2 | HARVEY BOOKSTEIN, individually and as ) | 255 E. Temple St.<br>Los Angeles, CA 90012 |

1            v.           )    Place:   Courtroom 1368
                                           )                   255 E. Temple St.

2 HARVEY BOOKSTEIN, individually and as )                Los Angeles, CA 90012
Trustee of the Harvey and Harriet Bookstein )

3 Living Trust (u/d/t 8-11-99); HAR-BD LLC, a )
Delaware limited liability company; HAR-LLC, a )

4 California limited liability company; HAR-RFF )
LLC, a Delaware limited liability company; HAR- )

5 MANAGING ENTITY LLC, a California limited )
liability company; HAR-BD INVESTORS LLC, a )

6 Delaware limited liability company; HAR-1011 )
LLC, a Delaware limited liability company; )

7 ARMANINO LLP, a California limited liability )
company; MARTIN BURTON, an individual; )

8 GLORYA KAUFMAN, individually and as )
Trustee of the Glorya Kaufman Trust (u/d/t 3-13- )

9 92); DBD CREDIT FUNDING LLC, a Delaware )
limited liability company; FORTRESS )

10 INVESTMENT GROUP LLC, a Delaware )
limited liability company; HENRY )

11 WINTERSTERN, an individual; and DOES 1 )
through 500, inclusive, )

12                               )
              Defendants            )

13                               )
                              )

14

15

16                                        **MOTION**

17        **PLEASE TAKE NOTICE** that on March 26, 2020, at 11:00 a.m. or as soon thereafter as the

18 matter may be heard in the above-entitled court, located at United States Bankruptcy Court, Central

19 District of California, Edward R. Roybal Federal Building and Courthouse, 255 E. Temple Street,

20 Courtroom 1368, Los Angeles, CA 90012, DBD Credit Funding LLC and Fortress Investment

21 Group LLC, will and hereby do, move the Court to dismiss the First Amended Complaint filed on

22 September 30, 2019 with prejudice pursuant to Rules 7008, 7009, and 7012 of the Federal Rules of

23 Bankruptcy Procedure.  This Motion is made on the grounds that Plaintiffs' First Amended

24 Complaint, including each and every cause of action stated therein, fails to state a claim upon which

25 relief can be granted.

26        This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum

27 of Points and Authorities, the Request for Judicial Notice, the [Proposed] Order filed concurrently

28 herewith, the records and files in this action, and any other written or oral submissions that may be

1    presented at or before the hearing on this Motion.

2    Please be advised that Local Bankruptcy Rule 9013-1(f) requires a written response to be

3    filed and served at least 14 days before the hearing noticed above.

4    Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Defendants do not consent to the

5    entry of final orders or judgment by the bankruptcy court.

6    Respectfully submitted by,

    Date:  February 27, 2020

7    SIDLEY AUSTIN LLP

8

9    By: */s/ Genevieve G. Weiner*
    Genevieve G. Weiner

10

11    Attorneys for Defendants,
    DBD Credit Funding LLC,

12    Fortress Investment Group LLC,
    and Henry Winterstern

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................................1

II.     BACKGROUND .....................................................................................................................1

III.    LEGAL STANDARD..............................................................................................................3

IV.     ARGUMENT ...........................................................................................................................4

    A.      The Second and Fourth Causes of Action Fail Because Plaintiffs Do Not
        Allege Justifiable Reliance. ........................................................................................4

    B.      The First and Second Causes of Action Fail Because Plaintiffs Do Not Plead a
        Fiduciary Relationship Between Plaintiffs and DBD or FIG. ......................................6

    C.      The First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Twelfth Causes of
        Action Fail Because Plaintiffs Do Not Allege DBD or FIG Knew of or
        Engaged In Wrongful Conduct. ..................................................................................8

    D.      The Second and Fourth Causes of Action Fail Because Plaintiffs Do Not Plead
        Their Allegations of Fraud with the Requisite Specificity. .........................................9

    E.      The Third Cause of Action Fails Because Plaintiffs Do Not Allege Sufficient
        Facts Constituting Financial Elder Abuse....................................................................11

    F.      The Sixth Cause of Action Fails Because Plaintiffs Do Not Allege Sufficient
        Facts Constituting Tortious Interference with Prospective Business
        Advantage. ...................................................................................................................11

    G.      The Seventh Cause of Action Fails Because Plaintiff Do Not Allege Sufficient
        Facts Constituting Intentional Infliction of Emotional Distress. .................................13

    H.      The Twelfth Cause of Action Fails Because Plaintiffs Do Not Allege
        Sufficient Facts Constituting Breach of the Covenant of Good Faith and Fair
        Dealing.........................................................................................................................14

    I.      The Eighth and Fourteenth Causes of Action Fail Because They Are
        Derivative Claims and Thus Fail for the Same Reasons as the Underlying
        Claims. .........................................................................................................................15

    J.      The Fourteenth Cause of Action For Declaratory Relief Fails As a Matter of
        Law Because the Agreements Authorize Foreclosure. .................................................16

    K.      Plaintiffs Fail to Allege Facts Constituting Alter Ego Liability Against FIG. ............16

V.      CONCLUSION.........................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.J. Fistes Corp. v. GDL Best Contractors, Inc.*,
   38 Cal. App. 5th 677 (2019) ...................................................................16

*Agfa Corp. v. Richard*,
   No. SACV 17-01976-DOC, 2018 WL 3078585 (C.D. Cal. June 1, 2018)....................................7

*Allen v. City of Sacramento*,
   234 Cal. App. 4th 41 (2015) ...................................................................17

*Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*,
   No. C 06-2469, 2006 WL 3251732 (N.D. Cal. Nov. 8, 2006).......................................5

*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*,
   47 Cal. App. 4th 464 (1996) ...................................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................3, 4

*Balzarini v. Diaz*,
   No. 18-cv-01962, 2018 WL 6591423 (C.D. Cal. Dec. 14, 2018)..................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).........................................................................4

*Blank v. Kirwan*,
   39 Cal. 3d 311 (1985) ......................................................................4

*Boruta v. JPMorgan Chase Bank, N.A.*,
   No. 19-cv-07257-WHO, 2020 U.S. Dist. LEXIS 32150 (N.D. Cal. Feb. 24, 2020) ...................15

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011)  ...............................................................9

*Canadian Tire Co. v. Disc. Shoe Stores, Inc.*,
   No. CV 16-01008 TJH (EX), 2016 WL 10586288 (C.D. Cal. Sept. 28, 2016)..........................16

*Cansino v. Bank of Am.*,
   224 Cal. App. 4th 1462 (2014) ...............................................................10

*Casey v. U.S. Bank Nat. Ass'n*,
   127 Cal. App. 4th 1138 (2005) ...............................................................8

*City of Hope Nat. Med. Ctr. v. Genentech, Inc.*,
   43 Cal. 4th 375 (2008) ......................................................................7

*Conservation Force v. Salazar*,
  646 F.3d 1240 (9th Cir. 2011) ...................................................................................4

*Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*,
  642 F.3d 849 (9th Cir. 2011) ..................................................................................15

*Damabeh v. 7-Eleven, Inc.*,
  No. 5:12-CV-1739, 2013 WL 1915867 (N.D. Cal. May 7, 2013) ...........................12

*Daniels v. Select Portfolio Serv., Inc.*,
  246 Cal. App. 4th 1150 (2016) ..................................................................................8

*Davis v. HSBC Bank Nevada, N.A.*,
  691 F.3d 1152 (9th Cir. 2012) ..................................................................................6

*DBD Credit Funding LLC v. Kaufman*,
  Case No.19STCV31137 (Los Angeles Sup. Ct.) ....................................................1, 2

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) .............................................................................9, 15

*Guido v. Koopman*,
  1 Cal. App. 4th 837 (1991) .......................................................................................6

*Guzman v. Nationstar Mortgage LLC*,
  No. 18cv2531, 2019 WL 2436456 (S.D. Cal. June11, 2019) ...................................6

*Hall v. Time Inc.*,
  158 Cal. App. 847 (2008) ..........................................................................................6

*Hasso v. Hapke*,
  227 Cal. App. 4th 107 (2014) ....................................................................................5

*Hill v. Roll Int'l Corp.*,
  195 Cal. App. 4th 1295 (2011) ................................................................................17

*Hinesley v. Oakshade Town Ctr.*,
  135 Cal. App. 4th 289 (2005) ...............................................................................9, 10

*In re Ins. Installment Fee Cases*,
  211 Cal. App. 4th 1395 (2012) ................................................................................15

*Johnson v. Grancare, LLC*,
  No. 15-cv-03585, 2015 WL 6865876 (N.D. Cal. Nov. 9, 2015) .............................11

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ..................................................................................9

*Kidron v. Movie Acquisition Corp.*,
  40 Cal. 4th 1571 (1995) ............................................................................................7

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) ................................................................................8

*Kramer v. Intuit Inc.*,
   121 Cal. App. 4th 574 (2004) .......................................................................4

*Kulesa v. PC Cleaner, Inc.*,
   No. 12-725, 2012 WL 12886844 (C.D. Cal. Oct. 12, 2012) ........................9

*Lazar v. Super. Ct.*,
   12 Cal. 4th 631 (1996) .............................................................................5, 9

*Loeffler v. Target Corp.*,
   58 Cal. 4th 1081 (2014) ...............................................................................4

*Moran v. Bromma*,
   No. 13-cv-00487, 2013 WL 4780772 (E.D. Cal. Sept. 5, 2013) ................11

*Nagy v. Nagy*,
   210 Cal.App.3d 1262 (1989) ........................................................................9

*Nakash v. Super. Ct.*,
   196 Cal. App. 3d 59 (1987) ........................................................................17

*Name.Space, Inc. v. ICANN*,
   795 F.3d 1124 (9th Cir. 2015) ................................................................9, 12

*Oakland Raiders v. NFL*,
   131 Cal. App. 4th 621 (2005) .......................................................................7

*Penna v. Toyota Motor Sales, U.S.A.*,
   11 Cal. 4th 376 (1995) ...........................................................................9, 12

*Prakashpalan v. Engstrom, Lipscomb & Lack*,
   223 Cal. App. 4th 1105 (2014) .................................................................6, 11

*Quinteros v. Aurora Loan Servs.*,
   740 F. Supp. 2d 1163 (E.D. Cal. 2010).....................................................2, 14

*Rickel v. Schwinn Bicycle Co.*,
   144 Cal. App. 3d 648 (1983) ...................................................................7, 9

*Rosenfeld v. JP Morgan Chase Bank, N.A.*,
   732 F. Supp. 2d 952 (N.D. Cal. 2010) .....................................................9, 14

*Ross v. Creel Printing & Publ'g Co.*,
   100 Cal. App. 4th 736 (2002) ..................................................................1, 13

*Roy Allan Slurry Seal, Inc. v. Am. Asphalt South, Inc.*,
   2 Cal. 5th 505 (2017) .................................................................................11

*Sanders v. Old Dominion Freight Line, Inc.*,
  No. EDCV 18-688 ...................................................................................................15

*Santos v. Countrywide Home Loans*,
  No. Civ. 2:09-02642, 2009 WL 3756337 (E.D. Cal. Nov. 6, 2009)...............................17

*Schreiner v. Lockheed Martin Corp.*,
  No. CV 14-02847 BRO, 2014 WL 12770398 (C.D. Cal. June 9, 2014) .....................13

*Soriano v. Countrywide Home Loans, Inc.*,
  No. C 09-02415 JW, 2010 WL 11590680 (N.D. Cal. Feb. 5, 2010) ........................6, 11

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ....................................................................................4

*Stansfield v. Starkey*,
  220 Cal.App.3d 59 (1990) .....................................................................................9, 17

*Sussex Fin. Enters., Inc. v. Bayerische Hypo-Und Vereinsbank AG*,
  460 F. App'x 709 (9th Cir. 2011) ................................................................................5

*Switchmen's Union of N. Am. V. S. Pac. Co.*,
  253 F.2d 81 (9th Cir. 1957) ......................................................................................16

*Taguinod v. World Sav. Bank*,
  755 F. Supp. 2d 1064 (C.D. Cal. 2010) ....................................................................17

*Taylor v. Yee*,
  780 F.3d 928 (9th Cir. 2015) ......................................................................................3

*Tindell v. Murphy*,
  22 Cal. App. 5th 1239 (2018) ...........................................................................5, 9, 10

*Weisberg v. Takeda Pharm. Co. Ltd.*,
  No. CV 18-784, 2018 WL 6219879 (C.D. Cal. May 2, 2018) ......................................6

*Westside Ctr. Assocs. v. Safety Stores 23, Inc.*,
  42 Cal. App. 5th 507 (1996) .....................................................................................12

*Wilhelm v. Pray, Price, Williams & Russell*,
  186 Cal. App. 3d 1324 (1986) .....................................................................................5

*Wilson v. Hynek*,
  207 Cal. App. 4th 999 (2012) ....................................................................................14

*Wolf v. Super. Ct.*,
  107 Cal. App. 4th 25 (2003) ........................................................................................7

*Worldvision Enters., Inc. v. ABC, Inc.*,
  142 Cal. App. 3d 589 (1983) .......................................................................................7

*Yavari v. Pompeo*,
   No. 2:19-cv-02524-SVW-JC, 2019 WL 6720995 (C.D. Cal. Oct. 10, 2019).............................16

**Statutes**

California Business and Professions Code § 17200 ..........................................................................15

California Code of Civil Procedure § 425.10 ....................................................................................4

California Code of Civil Procedure § 1060 ......................................................................................16

Federal Rules of Civil Procedure 8(a)(2).........................................................................................3

Federal Rules of Civil Procedure 9(b) .............................................................................................3

Federal Rules of Civl Procedure 12(b)(6).........................................................................................3

Federal Rules of Bankruptcy Procedure Rules 7008, 7009, and 7012 .........................................3

Welf. & Inst. Code § 15610.27 ........................................................................................................11

Welf. & Inst. Code § 15610.30(a)(1) ..........................................................................................9, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Leonard Ross ("Ross") is a practicing attorney and sophisticated real estate investor who has an indirect interest in a Beverly Hills estate, known as the Beverly House, alleged to be valued at $119 million. Ross has a long history of taking out massive loans secured by multimillion dollar properties he owns or controls, including the Beverly House. He also has a long history engaging in baseless litigation to avoid his loan obligations, demonstrated by the belated addition of Defendant Henry Winterstern as an individual defendant in the First Amended Complaint ("FAC"), weeks after the filing of the initial complaint. In this case, instead of paying what is owed to Defendant DBD Credit Funding LLC ("DBD" or "Lender") pursuant to a $40 million loan secured by the Beverly House and related personal property (the "Property"), Plaintiff TBH19, LLC ("Borrower"), Ross, and other of his affiliated entities sued DBD, its affiliate Defendant Fortress Investment Group LLC ("FIG"), and Henry Winterstern to avoid the consequences of Borrower's defaults under the loan.  The FAC is rife with hyperbolic and self-serving allegations that cast blame on everyone but Plaintiffs for Plaintiffs' failure to meet their obligations under their loans. For purposes of the present Motion to Dismiss, however, it is significant that the claims are premised on conclusory statements unsupported by factual allegations. Indeed, the only actual factual allegations that can be distilled from the FAC – principally that, contrary to DBD's express rights and remedies under the loan documents following a default, Winterstern told Ross that DBD would pursue the Guarantor in the event of default rather than foreclose on the Property – make clear that Plaintiffs fail to state any viable claims against DBD or FIG and their Motion to Dismiss should be sustained.

### II.    BACKGROUND

In September 2010, Ross filed a voluntary petition in bankruptcy. Loan Agreement, Schedule 4.10 (attached as Exhibit A to Defendants' Request for Judicial Notice ("RJN")). Thereafter, between September 2012 and April 2015, several of the Defendant Bookstein entities made loans to Plaintiff the Leonard M. Ross Revocable Trust. FAC Ex. 6 (Guaranty Agreement) at 1. At least one of those loans was secured by the Property at issue in this action, the Beverly House.  FAC ¶¶ 41-42 (describing the Property), ¶ 144.

After months of negotiations, on December 23, 2015, Borrower[1] entered into a $40 million loan from DBD (the "Loan"). FAC Ex. 6 (Guaranty Agreement) at 1; FAC ¶ 93; RJN Ex. A (Loan Agreement) § 14.15 (describing "lengthy negotiations" between the parties to the Loan). The Loan was secured by the Property. *See, e.g.*, RJN Ex. A at p.14 (definition of "Property"). All parties understood Plaintiffs would use the proceeds from the Loan to pay down the prior loans made by the Bookstein entities to Ross or entities controlled by Ross. FAC ¶ 170. DBD also obtained a Guaranty from Defendant Glorya Kaufman ("Guarantor") as a condition to the Loan. FAC Ex. 6 (Guaranty Agreement) at p.1. In July 2019, three and a half years after entering into the Loan Agreement and related documents (collectively, the "Loan Documents"), Borrower defaulted on its Loan obligations[2].  Borrower admits it: (i) failed to make its July 2019 and October 2019 quarterly payments (FAC ¶¶ 64, 86, 87, 216); (ii) failed to pay property taxes on the Property (FAC ¶ 86); and (iii) failed to maintain compliance with covenants in the Loan Documents prohibiting use of the Property for personal, residential purposes (FAC ¶ 103 n.6). Each are Events of Default under section 9.1 of the Loan Agreement.  *See* RJN Ex. A.

Thereafter, Guarantor also failed to pay the Guaranteed Obligations (which are the entirety of the Obligations under the Loan, including principal, interest, late fees and costs). FAC ¶ 205.

As a result, Lender sought to protect its rights under the Loan Agreement.  On September 3, 2019, Lender initiated a non-judicial foreclosure against Borrower. FAC ¶ 102. On September 3, 2019, Lender filed an action for breach of guaranty and other claims against Guarantor, which was related to this action in the state court.  *DBD Credit Funding LLC v. Kaufman*, Case No.19STCV31137 (Los Angeles Sup. Ct.). On September 23, 2019, Lender filed a Cross-Complaint in this action against Borrower, Guarantor, Junior Lender and a Mechanic's Lien claimant, for appointment of a receiver and judicial foreclosure. TBH19 thereafter declared bankruptcy and, on February 20, 2020, removed the action to this Court.

To avoid the consequences of the defaults, and after enjoying the benefit of the $40 million

---

[1] Ross is the Manager of Plaintiff LMR-TBH, LLC, which in turn is the Manager of Borrower TBH19, LLC. RJN Ex. A at 95 (Loan Agreement signature), 100 (Schedule 4.1(C)-1).

[2] Borrower exercised its right to extend by one year the Loan maturity date, from December 23, 2018 (RJN Ex. A § 2.4(A)), to December 23, 2019. FAC ¶ 58 (noting 2019 maturity date).

Loan for more than three years, Plaintiffs seek to rescind or reject the Loan Documents. As to DBD, Plaintiffs' allegations of wrongful conduct are limited to the following:

- To induce Borrower to enter the Loan Agreement, Lender and Winterstern, on behalf of Lender, allegedly told Ross that in the event Borrower defaulted, Lender would not foreclose on the Loan, and instead would pursue Guarantor under the Guaranty Agreement (*e.g.,* FAC ¶¶ 80, 231, 233);

- After a lengthy negotiation process in which Borrower was represented by counsel, Lender and the other parties signed the Loan Documents approximately three months after Ross' adult daughter passed away (FAC ¶¶ 47-50, 119);

- Lender exercised its contractual right to assign its interest in the Loan, but did so in a way that allegedly resulted in assignment of 119% of the loan balance (*e.g.,* FAC ¶ 83); and

- Lender exercised its contractual right to commence a non-judicial foreclosure (FAC ¶ 102).

None of these allegations support claims against DBD, and the FAC contains no allegation of any specific action taken by FIG.[3]  Rather, the FAC contains only a conclusory assertion that DBD is the "alter ego" of FIG (FAC ¶ 23) with no factual allegations to support that assertion.

## III.    LEGAL STANDARD

For adversary proceedings, Rules 7008, 7009, and 7012 of the Federal Rules of Bankruptcy Procedure incorporate the Federal Rules of Civil Procedure with respect to pleading standards (Rules 8 and 9(b)) and motions to dismiss under Rule 12(b)(6).  A court may dismiss a complaint under Rule 12(b)(6) due to either the lack of a "cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015) (affirming dismissal of plaintiff's claims) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  Under Federal Rule of Civil Procedure 8(a)(2), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*

---

[3] The foreclosure and the transfer of interest in the Loan are actions that could only be done by DBD, the entity that entered the Loan Agreement with Borrower. Likewise, Winterstern's alleged statement that DBD would not foreclose could only have been made on behalf of DBD, the Lender.

*v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted); *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (same). Further, "[t]he plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 662; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must assume the truth of well-pleaded factual allegations in ruling on motions to dismiss, this assumption does not apply to legal conclusions. Ashcroft, 556 U.S. 662, 6788 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

As such, a court need not credit allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Rather, for a complaint to survive dismissal, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007)[4].

## IV.    ARGUMENT

Even assuming the truth of the allegations in the FAC (which is denied), Plaintiffs have failed to plead facts that show DBD's actions were wrongful, and Plaintiffs have failed to plead any action whatsoever by FIG. Accordingly, each and every claim against DBD and FIG fails as a matter of law and must be dismissed.

### A.    The Second and Fourth Causes of Action Fail Because Plaintiffs Do Not Allege Justifiable Reliance.

The Second Cause of Action for Constructive Fraud and the Fourth Cause of Action for Fraud in the Inducement fail to state facts sufficient to constitute a cause of action. As to DBD, the sole factual allegation supporting these claims is that Lender and Winterstern, on behalf of Lender, allegedly told Ross that Lender would not foreclose on the Property. *See, e.g.,* FAC ¶¶ 80, 231, 233[5].

---

[4] California Code of Civil Procedure section 425.10 imposes a similar standard on complaints. *See Blank v. Kirwan*, 39 Cal. 3d 311, 318 (1985) (holding that a plaintiff is not permitted to proceed only on the basis of "contentions, deductions or conclusions of fact or law.") *See also Kramer v. Intuit Inc.*, 121 Cal. App. 4th 574, 578 (2004) ("[F]acts not alleged are presumed not to exist."); *Loeffler v. Target Corp.*, 58 Cal. 4th 1081, 1100 (2014) (holding that where the complaint fails to allege facts "sufficient to constitute a cause of action," the demurrer should be sustained).

[5] Although Plaintiffs assert Winterstern is an "agent" of FIG (FAC ¶ 24), the sole action by Winterstern alleged in the FAC (*i.e.*, stating Lender would not foreclose) could only have been made on behalf of DBD, not FIG, because only DBD, the Lender, would have foreclosure rights.

Under California law, claims for constructive fraud and fraud in the inducement both require the plaintiff to plead justifiable reliance on the allegedly fraudulent statements. *See Lazar v. Super. Ct.*, 12 Cal. 4th 631, 638 (1996) (essential element of fraud is justifiable reliance); *Tindell v. Murphy*, 22 Cal. App. 5th 1239, 1249-50 (2018) (affirming dismissal of constructive fraud claim). Reliance on an alleged oral statement is not reasonable where it contradicts the express terms of the contract that is ultimately executed. *Sussex Fin. Enters., Inc. v. Bayerische Hypo-Und Vereinsbank AG*, 460 F. App'x 709, 712 (9th Cir. 2011) (under California law, "A party may not, as a matter of law, reasonably rely on an oral promise that contradicts the plain terms of a written agreement."); *Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, No. C 06-2469, 2006 WL 3251732, at *6 (N.D. Cal. Nov. 8, 2006) (*citing Hadland v. NN Investors Life Ins. Co., Inc.*, 24 Cal. App. 4th 1578, 1588-89 (1994)) ("Reliance on representations that contradict clear and unambiguous terms of an agreement is unjustified as a matter of law."); *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1332 (1986) (finding it was not "reasonable for plaintiff to accept defendant's statements without an independent inquiry or investigation."). Further, courts must consider the "knowledge, education and experience of the person" claiming reliance when considering whether such reliance was "justifiable." *Hasso v. Hapke*, 227 Cal. App. 4th 107, 131-32 (2014).

Here, Plaintiffs cannot allege justifiable reliance because DBD and Winterstern's alleged statement that the Property would not be foreclosed on is expressly contradicted by the Loan Documents, which provide for and reference the right to foreclose over twenty times. *See* RJN Ex. A §§ 4.4, 6.1, 9.3, 12.1, 14.2, 14.34; RJN Ex. B (Deed of Trust) §§ 1.13, 2.1, 2.1(f), 3.13; RJN Ex. C (Assignment of Leases and Rents) §§ 3, 5; RJN Ex. D (Representation and Warranty Agreement) § 3(f)(iv); FAC Ex. 6 (Guaranty) § 1(e), 5(c), 5(h), 9(d), 10(b), 10(d), 10(e). [6] For example, the Loan Agreement states in no uncertain terms:

> Lender may bring a foreclosure action, an action for specific performance or any other appropriate action or proceeding to enable Lender to enforce and realize upon its interest under the Note, this Agreement, the Security Instrument and the other Loan Documents, or in the Property, the Rents or any other collateral given to Lender pursuant to the Loan Documents.

---

[6] The Subordination and Intercreditor Agreement ("Intercreditor Agreement"), signed by Ross, also recognizes the right to foreclose. RJN Ex. E (Intercreditor Agreement) §§ 8, 18, 31(d).

RJN Ex. A § 12.1. Further, Plaintiffs are "sophisticated real estate investors, familiar with transactions of this kind" represented by "competent legal counsel" (*id.* at § 14.15), and Ross is an experienced, licensed and practicing real estate lawyer, making any reliance on Winterstern's purported statements untenable and unjustified. *See Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1163 (9th Cir. 2012) (under California law, dismissing fraud claim because plaintiff's conduct was "manifestly unreasonable" "in the light of his own intelligence and information"); *Guido v. Koopman*, 1 Cal. App. 4th 837, 843 (1991) (unreasonable for attorney to rely on equestrian instructor's representation regarding validity of liability release because "[i]n determining whether one can reasonably or justifiably rely on an alleged misrepresentation, the knowledge, education, and experience of the person claiming reliance must be considered."). In light of the plain language of the Loan Documents and Plaintiffs' sophistication and experience (not to mention standard industry practice), it would have been unreasonable for Plaintiffs to rely on any statement that Lender would not foreclose. Accordingly, DBD and FIG's Motion to Dismiss must be granted as to the Second and Fourth Causes of Action.[7]

### B.    The First and Second Causes of Action Fail Because Plaintiffs Do Not Plead a Fiduciary Relationship Between Plaintiffs and DBD or FIG.

Tacitly conceding that they cannot be held directly liable for Plaintiffs' First (Breach of Fiduciary Duty) and Second Causes of Action, Plaintiffs instead seek to hold DBD and FIG vicariously liable for the actions of Bookstein and Winterstern. This pleading ploy cannot save these claims, however, because Plaintiffs do not plead facts to show a fiduciary relationship between Plaintiffs and either DBD or FIG, and thus must be dismissed.

To bring a claim for breach of fiduciary duty or constructive fraud, a fiduciary relationship must be alleged. *Soriano v. Countrywide Home Loans, Inc.*, No. C 09-02415 JW, 2010 WL 11590680, at *8 (N.D. Cal. Feb. 5, 2010) (dismissing breach of fiduciary duty claim because plaintiff failed to "allege any facts that would give rise to a fiduciary relationship" with defendants); *Prakashpalan v.*

---

[7] Courts also have held that a claim sounding in fraud under the UCL requires justifiable reliance. *See Guzman v. Nationstar Mortgage LLC*, No. 18cv2531, 2019 WL 2436456, at *13 (S.D. Cal. June 11, 2019); *Weisberg v. Takeda Pharm. Co. Ltd.*, No. CV 18-784, 2018 WL 6219879, at *4 (C.D. Cal. May 2, 2018); *Hall v. Time Inc.*, 158 Cal. App. 847, 859 (2008). To the extent Plaintiffs base their Eighth Cause of Action under the UCL on fraud, it fails for the same reasons.

*Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1128, 1131 (2014) (affirming dismissal of breach of fiduciary duty and constructive fraud claims where plaintiff failed to allege facts sufficient to establish a fiduciary relationship). A fiduciary relationship is a "confidential relationship" "founded upon the trust or confidence reposed by one person in the integrity and fidelity of another." *Rickel v. Schwinn Bicycle Co.*, 144 Cal. App. 3d 648, 654 (1983). "Inherent in each of these relationships is the duty of undivided loyalty the fiduciary owes to its beneficiary, imposing on the fiduciary obligations far more stringent than those required of ordinary contractors." *Wolf v. Super. Ct.*, 107 Cal. App. 4th 25, 30 (2003). A fiduciary relationship is formed when a party "'knowingly undertake[s] to act on behalf and for the benefit of another'" or "'enter[s] into a relationship which imposes that undertaking as a matter of law.'" *City of Hope Nat. Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008). "The mere fact that in the course of their business relationship the parties reposed trust and confidence in each other does not impose any corresponding fiduciary duty in the absence of an act creating or establishing a fiduciary relationship known to law." *Worldvision Enters., Inc. v. ABC, Inc.*, 142 Cal. App. 3d 589, 595 (1983); *Agfa Corp. v. Richard*, No. SACV 17-01976-DOC, 2018 WL 3078585, at *3 (C.D. Cal. June 1, 2018) (holding that "a fiduciary relationship 'does not arise simply because parties repose trust and confidence in each other'").

Here, Plaintiffs spend numerous pages of the FAC alleging facts relating to Bookstein's relationship with Ross, but do not allege any facts that could show DBD or FIG has a fiduciary relationship with Plaintiffs. Indeed, the only relationship that exists between the parties to this Motion to Dismiss is the contractual relationship embodied in the Loan Documents executed by Borrower and DBD, which, under both the Loan Documents and as a matter of law, does not create a fiduciary relationship. *See* RJN Ex. A § 14.15 (no fiduciary duty created by the contract or course of dealing); *Oakland Raiders v. NFL*, 131 Cal. App. 4th 621, 634 (2005) ("A mere contract or a debt does not constitute a trust or create a fiduciary relationship."). As the FAC contains no allegations that DBD or FIG are Plaintiffs' fiduciaries, these causes of action must be dismissed.

Nor can Plaintiffs' claims be salvaged by pleading vicarious liability, because Plaintiffs still must allege facts showing a fiduciary relationship. *See Kidron v. Movie Acquisition Corp.*, 40 Cal. 4th 1571, 1597 (1995) ("A non-fiduciary cannot conspire to breach a duty owed only by a fiduciary."),

1598 ("[A] party who is not in a fiduciary relationship with the plaintiff cannot be held liable to commit constructive, as opposed to actual fraud."). As discussed above, because no fiduciary relationship exists between Plaintiffs and DBD or FIG, Plaintiffs' causes of action for Breach of Fiduciary Duty and Constructive Fraud based on vicarious liability should be dismissed[8].

**C.    The First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Twelfth Causes of Action Fail Because Plaintiffs Do Not Allege DBD or FIG Knew of or Engaged In Wrongful Conduct.**

The First, Second, Third (Elder Abuse), Fourth, Fifth (Tortious Interference with Contract), Sixth (Tortious Interference with Prospective Business Advantage), Eighth (Unfair Business Practices) and Twelfth (Breach of the Covenant of Good Faith and Fair Dealing) Causes of Action fail to state facts sufficient to state a claim because Plaintiffs do not allege that DBD or FIG knew of or engaged in any wrongful conduct as required for these claims.

As to the First, Second, Fourth, and Twelfth Causes of Action, Plaintiffs allege vicarious liability as to DBD or FIG, either through aiding and abetting or conspiracy. FAC ¶¶ 289-290, 326, 386, 389 & p.62. To maintain an action based on either type of vicarious liability, a plaintiff must allege defendant was aware of the alleged wrongful act of the other party. *See, e.g.*, *Daniels v. Select Portfolio Serv., Inc.*, 246 Cal. App. 4th 1150 (2016) ("To allege a conspiracy, a plaintiff must plead: (1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of the common design"); *Casey v. U.S. Bank Nat. Ass'n*, 127 Cal. App. 4th 1138, 1141 (2005) (aiding and abetting "requires actual knowledge" of "underlying wrong"). "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1158-59 (2003).  Here, Plaintiffs allege no facts to show that either FIG or DBD was aware of, let alone sought to further, the alleged wrongdoing of Bookstein or the entities he controls, most of which took place long before DBD came on the scene. *E.g.*, FAC ¶¶ 111-169. Thus, the Motion to Dismiss should be granted as to these causes of action.

Plaintiffs' Second, Third, Fourth, Fifth, Sixth, Eighth, and Twelfth Causes of Action fail

---

[8] As shown in Winterstern's Motion to Dismiss, Plaintiffs also fail to allege a fiduciary relationship between Winterstern and Plaintiffs.

1   because each of these claims require Plaintiffs to allege facts to show intent to deceive or that DBD or

2   FIG themselves committed some wrong. *See Tindell*, 22 Cal. App. 5th at 1249-50 (constructive fraud

3   requires "intent to deceive"); Welf. & Inst. Code § 15610.30(a)(1) (financial Elder Abuse requires

4   wrongful use or intent to fraud or both); *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294-

5   95 (2005) (fraud in the inducement requires "intent to deceive"); *Name.Space, Inc. v. ICANN*, 795

6   F.3d 1124, 1133-34 (9th Cir. 2015) (under California law, tortious interference with contract requires

7   intentional wrongful acts); *Penna v. Toyota Motor Sales, U.S.A.*, 11 Cal. 4th 376, 393 (1995) (tortious

8   interference with prospective economic advantage requires legal wrong independent of interference);

9   *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1363 (2010) (pleading UCL claim requires

10  allegation of wrongdoing); *Rosenfeld v. JP Morgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D.

11  Cal. 2010) (breach of good faith and fair dealing requires unfair interference with plaintiff's rights to

12  receive the benefits of the contract).

13          Plaintiffs do not plead facts showing DBD or FIG had any intent to deceive Plaintiffs.  Nor do

14  Plaintiffs allege any act whatsoever by FIG. As to DBD, the only acts DBD is alleged to have engaged

15  in are: (a) initiating foreclosure proceedings on the Property (FAC ¶ 102); and (b) assigning its interest

16  in the Loan (*e.g.,* FAC ¶ 83).  Both of these acts, however, are specifically authorized by the Loan

17  Documents. Thus, as a matter of law, neither of these acts is wrongful. *See Arntz Contracting Co. v.*

18  *St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464, 480 (1996) ("exercise of contractual rights …

19  is not wrongful"); *Rickel*, 144 Cal. App. 3d at 661 (acting within rights specified in contract not

20  wrongful). The Motion to Dismiss as to the causes of action requiring wrongful conduct should be

21  granted.

22          **D.      The Second and Fourth Causes of Action Fail Because Plaintiffs Do Not Plead
                       Their Allegations of Fraud with the Requisite Specificity.**

23

24          When a claim is "grounded in fraud" or "sound[s] in fraud," "the pleading . . . as a whole must

25  satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125

26  (9th Cir. 2009). "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where and how

27  of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent]

28  statement, and why it is false.'" *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th

Cir. 2011) (citations omitted). Moreover, allegations must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns*, 567 F.3d at 1124 (internal quotation omitted); *Kulesa v. PC Cleaner, Inc.*, No. 12-725, 2012 WL 12886844, at *4-6 (C.D. Cal. Oct. 12, 2012) (Selna, J.) (dismissing Plaintiff's claims because "all of Plaintiff's asserted causes of action sound in fraud and are subject to the more stringent pleading standards in Federal Rule 9(b)").

Here, Plaintiffs' Second and Fourth Causes of Action sound in fraud.[9]  The elements of constructive fraud are: (1) a fiduciary relationship; (2) a misrepresentation; (3) intent to deceive; and (4) reliance and resulting injury. *Tindell,* 22 Cal. App. 5th at 1249-50 (affirming sustaining demurrer without leave to amend). The elements of fraud in the inducement, a subset of fraud, are: (1) a misrepresentation; (2) scienter of knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Hinesley*, 135 Cal. App. 4th at 294-95 (*citing Lazar*, 12 Cal. 4th at 638). Here, Plaintiffs fail to allege any facts to support any of the elements of these claims, and instead merely makes conclusory statements that are insufficient as a matter of law.

The only "misrepresentation" Plaintiffs allege is DBD and Winterstern's supposed statement that DBD did not intend to foreclose but would instead seek relief from the Guarantor in the event of Borrower default. First, this alleged representation is contradicted by the Loan Documents, and thus any reliance on such a statement is not justifiable.  *Supra* at 4-6.  Second, Plaintiffs fail to allege knowledge of falsehood with specificity, alleging only, in conclusory fashion, that DBD and Winterstern did not "intend" to keep their "promise" that DBD would not foreclose. *See, e.g.,* FAC ¶ 82.  Third, the allegations of the FAC make clear that DBD did in fact pursue the Guarantor when Borrower defaulted, and thus, the statement, even if made, was not a "misrepresentation." *See* FAC p.16 (noting that DBD sent Notice to Guarantor), ¶ 205 (Guarantor failed to perform guaranty obligations)[10].  Finally, even if DBD had not pursued the Guarantor when Borrower defaulted, forward looking statements, such as the one at hand, are not actionable as a matter of law. *Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1469 (2014) ("The law is well established that actionable

---

[9] To the extent Plaintiffs' Eighth Cause of Action for Unfair Business Practices sounds in fraud, it fails for failure to plead with specificity as well.

[10] Plaintiffs do not allege that DBD promised to forgo its foreclosure rights if Guarantor defaulted.

misrepresentations must pertain to past or existing material facts."). Accordingly, Plaintiffs'

allegations sounding in fraud fail to meet the requisite level of specificity and must be dismissed.

*Prakashpalan*, 223 Cal. App. 4th at 1250 (affirming dismissal).

**E.    The Third Cause of Action Fails Because Plaintiffs Do Not Allege Sufficient Facts Constituting Financial Elder Abuse.**

Plaintiffs' Third Cause of Action for Elder Abuse in violation of California's Welfare &

Institutions Code 15610.30 fails on multiple grounds and should be dismissed.

First, in order to establish a claim for Elder Abuse, property must be taken from an "elder,"

which is defined as "any person residing in this state, 65 years of age or older." Welf. & Inst. Code

§ 15610.27.  Here, the owner of the property, Borrower, is a limited liability company, and therefore

does not qualify as an "elder" under the law. Second, no property was "taken" here.  Rather, DBD was

merely exercising its legal and contractual rights expressly authorized under the Loan Documents.

Finally, Plaintiffs make no factual allegations as to FIG, and, as to DBD, merely recite the elements

of an Elder Abuse claim, without any allegations of fact. Such conclusory allegations are insufficient

to survive a Motion to Dismiss. *See, e.g., Johnson v. Grancare, LLC*, No. 15-cv-03585, 2015 WL

6865876, at *3-4 (N.D. Cal. Nov. 9, 2015) (dismissing elder abuse allegations in "general and

conclusory terms" as insufficient to provide a "factual basis suggesting" a violation of the elder abuse

statute had occurred).[11]

**F.    The Sixth Cause of Action Fails Because Plaintiffs Do Not Allege Sufficient Facts Constituting Tortious Interference with Prospective Business Advantage.**

Plaintiffs' Sixth Cause of Action for Tortious Interference with Prospective Business

Advantage should be dismissed as Plaintiffs fail to allege facts to satisfy all elements of the claim: (1)

the existence, between plaintiff and some third party, of an economic relationship with the probability

of future economic benefit to plaintiff; (2) defendant's knowledge of the relationship; (3) intentionally

---

[11] *See also Balzarini v. Diaz*, No. 18-cv-01962, 2018 WL 6591423, at *2 n.4 (C.D. Cal. Dec. 14, 2018) (granting motion to dismiss because "conclusory statements are insufficient to state a claim to relief that is plausible on its face ... in relation to Plaintiff's Elder Abuse" claim); *Moran v. Bromma*, No. 13-cv-00487, 2013 WL 4780772, at *8 (E.D. Cal. Sept. 5, 2013) (dismissing claim because "conclusory allegations are insufficient to support [plaintiff's] elder abuse claim"); *Soriano v. Countrywide Home Loans*, No. C 09-02415 JW, 2010 WL 11590680, at *8 (N.D. Cal. Feb. 5, 2010) ("conclusory allegations" of elder abuse "falls far short of what is necessary to come within the statute").

1  wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5)

2  economic harm proximately caused by defendant's action. *Roy Allan Slurry Seal, Inc. v. Am. Asphalt*

3  *South, Inc.*, 2 Cal. 5th 505, 512 (2017) (reinstating order sustaining demurrer). Plaintiffs also are

4  required to plead that defendant engaged in a legal wrong independent of the interference itself.

5  *Penna*, 11 Cal. 4th at 393. Finally, "it is essential that the Plaintiff allege facts showing that Defendant

6  interfered with Plaintiff's relationship with a particular individual." *Damabeh v. 7-Eleven, Inc.*, No.

7  5:12-CV-1739, 2013 WL 1915867, at *10 (N.D. Cal. May 7, 2013).

8       Plaintiffs fail to allege facts sufficient to show any economic relationship with the probability

9  of future economic benefit with which either DBD or FIG interfered. Instead, Plaintiffs offer vague,

10  conclusory allegations with respect to business deals they "should have been able to seek" (FAC ¶

11  340), in connection with "negotiations with prospective purchasers and/or investors" (FAC ¶ 344).

12  This is plainly insufficient. *See Westside Ctr. Assocs. v. Safety Stores 23, Inc.*, 42 Cal. App. 5th 507,

13  522 (1996) ("The law precludes recover for overly speculative expectancies by initially requiring proof

14  of the business relationship contained 'the probability of future economic benefit to the plaintiff.'").

15       Nor do Plaintiffs allege any wrongful action designed to disrupt the prospective business

16  relationship. The only action by either DBD or FIG alleged in the FAC that could possibly be visible

17  to potential investors or purchasers in the Property is DBD's exercise of its contractual right to

18  foreclose on the Property based on the publicly recorded Deed of Trust. As shown above, this action

19  was not wrongful. *Supra* at 8-9.

20       Plaintiffs also seem to allege that DBD's assignments of its interest in the Loan, which were

21  permitted under the Loan Documents (RJN Ex. A), interfered with the Guarantor's willingness to

22  fulfill her guaranty obligations, which in turn lead to the foreclosure, and somehow interfered with

23  some unnamed prospective business deals. *See* FAC ¶¶ 68, 88-90, 179, 222-23. Even if this

24  convoluted logic is followed, and it is ignored that the assignments of interests in the Loan were

25  expressly permitted, Plaintiffs do not allege that the transfers were done with the purpose of

26  disrupting these unnamed prospective business deals, as required to maintain this cause of action.

27  *Name.Space, Inc.*, 795 F.3d at 1134 (affirming dismissal where plaintiff "does not allege any facts

28  plausibly suggesting [defendant acted] with the intent to breach or disrupt any existing contracts or

prospective business relationships.) (emphasis added)).  As such, Plaintiffs' claim for tortious

interference with prospective business advantage must be dismissed.

### G.    The Seventh Cause of Action Fails Because Plaintiff Do Not Allege Sufficient Facts Constituting Intentional Infliction of Emotional Distress.

Plaintiff Ross brings the Seventh Cause of Action for Intentional Infliction of Emotional

Distress ("IIED"), which requires pleading facts to show: (1) extreme and outrageous conduct by

defendant with the intention of causing, or reckless disregard of the probability of causing, emotional

distress; (2) plaintiff suffered severe or extreme emotional distress; and (3) plaintiff's injuries were

actually and proximately caused by defendant's outrageous conduct.  *Schreiner v. Lockheed Martin

Corp.*, No. CV 14-02847 BRO (SSx), 2014 WL 12770398, at *6 (C.D. Cal. June 9, 2014).  Here, Ross

cannot establish extreme and outrageous conduct as a matter of law, and the IIED claim must be

dismissed.

For an action to be "extreme and outrageous," it must be "so outrageous in character, and so

extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious,

and utterly intolerable in a civilized community." *Id. (citing Cochran v. Cochran*, 65 Cal. App. 4th

488, 496 (1998)). Here, Ross alleges two acts were "outrageous": (1) entering into the loan agreement

three months after the death of his adult daughter and (2) foreclosing on the Property.

As to the first act, the Loan Agreement was entered into by the Borrower, not Ross, the party

who brings this claim, and the Motion to Dismiss should be granted on this ground alone. However,

even if Ross was party to the contract, contract negotiations were ongoing for months (RJN Ex. A §

14.15 (negotiations were "lengthy")); they were not rushed. Moreover, Ross is a "sophisticated real

estate investor[], familiar with transactions of this kind" and represented by "competent legal counsel"

who was reviewing the draft agreements. *Id.*; FAC Ex. 5 (Ross email re negotiations). Under these

circumstances, entering a contract is not "outrageous" conduct.

As to the second act, pursuing a foreclosure is contractually permissible and therefore not

outrageous. "In the context of debt collection, courts have recognized that the attempted collection of

a debt by its very nature causes the debtor to suffer emotional distress." *Ross v. Creel Printing &

Publ'g Co.*, 100 Cal. App. 4th 736, 746 (2002) (affirming dismissal of IIED claim). However, an act

13

causing "emotional distress" does not alone give rise to an IIED claim. Id. Here, the foreclosure was on an investment property held by Borrower, not Ross. RJN Ex. A § 7.18 (investment property), § 14.20 (integration clause), p. 100 (Signature Page). Where, as here, there is a "creditor/debtor situation, whereby defendants were exercising their rights under the loan agreements," the IIED claim fails as a matter of law because there are no "allegations of conduct by defendants that could be considered 'outrageous.'" *Wilson v. Hynek*, 207 Cal. App. 4th 999, 1009 (2012) (holding that the court "properly sustained the demurrer" for IIED claim).

This result is not changed by Ross' allegation that he resides at the Property (which is contradicted by the representations Borrower made in the Loan Documents and is expressly prohibited by the Loan Agreement[12]). Courts have held that foreclosing on a home (absent other circumstances) is not the kind of extreme conduct that supports an IIED claim. *See Quinteros v. Aurora Loan Servs.*, 740 F. Supp. 2d 1163, 1172 (E.D. Cal. 2010) (dismissing IIED claim without leave to amend). Ross alleges no other facts that could elevate this foreclosure following default into "outrageous" conduct, and thus, the Motion to Dismiss must be granted.

### H. The Twelfth Cause of Action Fails Because Plaintiffs Do Not Allege Sufficient Facts Constituting Breach of the Covenant of Good Faith and Fair Dealing.

Plaintiffs' Twelfth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing should be dismissed as Plaintiffs fail to allege facts to satisfy all elements of the claim: (1) the parties entered into a contract; (2) plaintiff fulfilled his obligations under the contract; (3) any condition precedent to defendant's performance occurred; (4) defendant unfairly interfered with plaintiff's rights to receive contract's benefits; and (5) plaintiff was harmed by defendant's conduct. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

First, only parties to a contract can sustain a claim for breach of the covenant of good faith and fair dealing. Here, all Plaintiffs have brought this claim against all Defendants (FAC at p.75), but the

---

[12] RJN Ex. A §§ 4.7(C) ("[N]o person has any right to occupy any portion of the Property, and no Person is so occupying any portion of the Property."); 4.7(D) ("The Loan is for commercial purposes, and not for residential, personal, household or consumer purposes."); RJN Ex. D (Representation and Warranty Agreement) §§ 1(d) ("at all times from and after September 10, 2010, the Property has not be used as a personal residence"); 2(c) ("the Property shall not be used as a personal residence").

1  contracts are only between Lender and Borrower. Thus, this Cause of Action necessarily fails against

2  FIG, which has entered into no agreements with Plaintiffs.

3      Second, Plaintiffs admit in the FAC that Borrower did not fulfill its obligations under the Loan

4  Agreement: Borrower defaulted on the Loan by both failing to pay property taxes and failing to make

5  the quarterly payments as required. FAC ¶¶ 86, 103 n.6, 394-400, 402-07.  Thus, Plaintiffs do not and

6  cannot allege facts sufficient to establish the second element.

7      Finally, as shown, Plaintiffs cannot show that DBD unfairly interfered with Borrower's rights

8  to receive benefits under the contract. The actions alleged to be interference with Borrower's rights

9  are foreclosure and assignments, both of which are expressly authorized by the Loan Documents. *See*

10 *Durell,* 183 Cal. App. 4th at1369 (a breach of the covenant of good faith and fair dealing "cannot

11 impose substantive duties or limits on the contracting parties beyond those incorporated in the specific

12 terms of the agreement.").

**I.    The Eighth and Fourteenth Causes of Action Fail Because They Are Derivative
Claims and Thus Fail for the Same Reasons as the Underlying Claims.**

13
14

15     Plaintiffs allege that DBD and FIG violated Business and Professions Code § 17200 (Eighth

16 Cause of Action) by engaging in unlawful, unfair, and fraudulent business acts or practices alleged to

17 be the other causes of action in the FAC. FAC ¶¶ 361-64. Because the claims underlying the UCL

18 claim fail, the UCL claim necessarily fails as well. *See In re Ins. Installment Fee Cases*, 211 Cal. App.

19 4th 1395, 1419 (2012) ("'When a statutory claim fails, a derivative UCL claim also fails.'"  Trial court

20 properly sustained demurrer on UCL claim); *Sanders v. Old Dominion Freight Line, Inc.*, No. EDCV

21 18-688 DSF (SHKx), 2018 WL 6321628, at *2 (C.D. Cal. June 25, 2018) (dismissing UCL claim

22 predicated on other dismissed causes of action because "[t]o the extent Plaintiffs' UCL claim is

23 predicated on other causes of action, it rises or falls with those claims");  *Boruta v. JPMorgan Chase*

24 *Bank, N.A.*, No. 19-cv-07257-WHO, 2020 U.S. Dist. LEXIS 32150, at *30-31 (N.D. Cal. Feb. 24,

25 2020) (dismissing UCL claim where plaintiffs failed to state a claim for the underlying violations").

26     Similarly, Plaintiffs argue that they are entitled to Declaratory Relief (Fourteenth Cause of

27 Action), but the claim is "necessarily derivative" of the other causes of action.  *Smyth v. Berman*, 31

28 Cal. App. 5th 183, 191-92 (2019) (affirming sustaining demurrer, including as to derivative claim for

declaratory action). *Countrywide Home Loans, Inc. v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 853 (9th Cir. 2011) (explaining that the Declaratory Judgment Act only confers remedial power and that a claim for declaratory relief "must properly derive from the underlying controversy between the litigants"); *Yavari v. Pompeo*, No. 2:19-cv-02524-SVW-JC, 2019 WL 6720995, at *8 n.3 (C.D. Cal. Oct. 10, 2019) (dismissing claim for declaratory relief wholly derivative of underlying dismissed claims). Accordingly, DBD and FIG's Motion to Dismiss should be granted as to this cause of action.

**J.      The Fourteenth Cause of Action For Declaratory Relief Fails As a Matter of Law Because the Agreements Authorize Foreclosure.**

Plaintiffs' Fourteenth Cause of Action for Declaratory Relief fails as a matter of law. To obtain declaratory relief, a party must show the existence of an actual controversy regarding the parties' respective rights under a written instrument or contract. *See* Cal. Code of Civ. Pro. § 1060. Here, Plaintiffs seek a declaration that DBD cannot exercise its remedies for default under the Loan Documents because of the "wrongful" conduct alleged in the FAC. FAC ¶ 396. As shown, none of the acts by DBD were wrongful and instead were authorized by the contracts. The Loan Documents explicitly authorize foreclosure in the Event of Default and Plaintiffs concede Events of Default occurred. Declaratory relief is inappropriate where, as here, the actions at issue are expressly authorized by the contract. *Switchmen's Union of N. Am. V. S. Pac. Co.*, 253 F.2d 81, 82 (9th Cir. 1957) (holding that plaintiff failed to state a claim for declaratory relief where the validity of the contractual provision permitting the acts at issue was not contested, and accordingly, no valid dispute existed to invoke the federal court's declaratory jurisdiction); Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149 (2011) (affirming demurrer on request for declaratory relief where deed authorized defendant to initiate a foreclosure proceedings).

**K.      Plaintiffs Fail to Allege Facts Constituting Alter Ego Liability Against FIG.**

Finally, all of the causes of action fail as to FIG because Plaintiffs do not allege facts sufficient to constitute alter-ego liability. "'To recover on an alter ego theory, a plaintiff … must allege sufficient facts to show a unity of interest and ownership, and an unjust result if the corporation is treated as the sole actor.'" *A.J. Fistes Corp. v. GDL Best Contractors, Inc.*, 38 Cal. App. 5th 677, 696 (2019)

(sustaining demurrer on alter ego theory); *Canadian Tire Co. v. Disc. Shoe Stores, Inc.*, No. CV 16-01008 TJH (EX), 2016 WL 10586288, at *1 (C.D. Cal. Sept. 28, 2016) (striking allegations regarding plaintiff's alter ego theory because the allegations were conclusory and lacked a sufficient factual basis). Here, Plaintiffs only make the conclusory statement that FIG is an alter ego of DBD and fail to make any factual allegations to support that conclusion. FAC ¶ 23. This is insufficient to maintain an action based on alter ego liability, and all causes of action against FIG should be dismissed on this basis alone.

## V.    CONCLUSION

All of the causes of action in the FAC fail for the forgoing reasons.[13]  Accordingly, this Motion to Dismiss should be granted in its entirety.

Date:  February 27, 2020

Respectfully submitted by,

SIDLEY AUSTIN LLP

By: */s/ Genevieve G. Weiner*
    Genevieve G. Weiner

Attorneys for Defendants,
DBD Credit Funding LLC,
Fortress Investment Group LLC,
and Henry Winterstern

---

[13] The Ninth (Restitution/Unjust Enrichment/Disgorgement), Tenth (Constructive Trust), Thirteenth (Preliminary and Permanent Injunction), Fifteenth (Rescission), and Sixteenth (Reformation) "causes of action" are actually remedies not standalone claims, and must be dismissed because a cause of action must exist before such relief can be granted. *See Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011) (neither unjust enrichment nor restitution is a cause of action; affirming sustaining of demurrer of unjust enrichment claim); *Stansfield*, 220 Cal. App. 3d at 76 (affirming sustaining of demurrer of constructive trust claim; constructive trust is not "a cause of action, only a remedy"); *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 65-66 (2015) (upholding order sustaining demurrer because "[i]njunctive relief is a remedy, not a cause of action"); *Nakash v. Super. Ct.*, 196 Cal. App. 3d 59, 70 (1987) ("Rescission is *not* a cause of action; it is a remedy."); *Taguinod v. World Sav. Bank*, 755 F. Supp. 2d 1064, 1073 (C.D. Cal. 2010) (dismissing rescission claim because it "is a remedy, not a cause of action"); *Santos v. Countrywide Home Loans*, No. Civ. 2:09-02642, 2009 WL 3756337, at *1 (E.D. Cal. Nov. 6, 2009) (dismissing rescission and reformation claims because they "are remedies, not a cause of action").

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: Sidley Austin LLP, 555 West Fifth Street, Suite 4000, Los Angeles, CA 90013

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANTS DBD CREDIT FUNDING LLC AND FORTRESS INVESTMENT GROUP LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>February 27, 2020</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒      Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On <u>February 27, 2020</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒      Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on <u>February 27, 2020,</u> I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/27/2020 | Pamela Santos | /s/Pamela Santos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                        **F 9013-3.1.PROOF.SERVICE**

ACTIVE 254830404

## SERVICE LIST

| Via ECF Notice | |
|---|---|
| Kelly L. Morrison | kelly.l.morrison@usdoj.gov |
| Aram Ordubegian | aram.ordubegian@arentfox.com |
| Leonard M. Ross | lross@lmrplc |
| United States Trustee | ustpregion16.la.ecf@usdoj.gov |
| Christopher K.S. Wong | christopher.wong@arentfox.com |
| Robert M. Yaspan | court@yaspanlaw.com, tmenachian@yaspanlaw.com |
| **Via U.S. First Class Mail** | |
| Leonard M. Ross<br>LM Ross Professional Law Corp.<br>269 S. Beverly Drive, Suite 1075<br>Beverly Hills, CA 90212 | Glorya Kaufman<br>c/o PB Law Group LLP<br>1901 Avenue of the Stars, Suite 277<br>Los Angeles, CA 90067 |
| David Shemano<br>Shemano Law<br>1801 Century Park East, Suite 1600<br>Los Angeles, CA 90067 | Luan K. Phan<br>Jody M. Borrelli<br>PB Law Group, LLP<br>1901 Avenue of the Stars, Suite 227<br>Los Angeles, CA 90067 |
| Martin N. Burton<br>Law Offices of Martin N. Burton<br>2026 Hilldale Drive<br>La Canada Flintridge, CA 91011 | Robert Meylan<br>Meyland Davitt Jain Arevian & Kim LLP<br>4444 S. Flower Street, Suite 1850<br>Los Angeles, CA 90071 |
| David Shemano<br>Shemano Law<br>1801 Century Park East, Suite 1600<br>Los Angeles, CA 90067 | Aramino LLP<br>11766 Wilshire Blvd., 9th Floor<br>Los Angeles, CA 90025 |
| **Via Messenger** | |
| The Hon. Vincent P. Zurzolo<br>United States Bankruptcy Court<br>Central District of California - Chambers Copy<br>255 E. Temple Street, Suite 1360 / Courtroom 1368<br>Los Angeles, CA 90012 | Kelly L. Morrison, Esq.<br>Office of the United States Trustee<br>915 Wilshire Boulevard, Suite 1850<br>Los Angeles, CA 90017 |
| Robert M. Yaspan, Esq.<br>Joseph G.McCarty, Esq.<br>Debra R. Brand<br>Law Offices of Robert M. Yaspan<br>21700 Oxnard Street, Suite 1750<br>Woodland Hills, CA 91367 | |